Martin, J.
The plaintiffs claim part of two tracts of land, in the right of Mrs. Fort, *437 in the possession of the defendants; their title is not denied, but the defendants rely on the prescription of ten years. They shew that the land was granted to the widow Hymel in 1796; that she sold it to A. Hymel in 1802, and that he convened to Metayer the part claimed by him in 1810, and to Rachel, that which he claims in 1818. The present suit was brought in 1821.
There is not any doubt, that if A. Hymel was a bona fide purchaser, the defendants plea mast be supported. The plaintiffs therefore contend that he was not.
They shew that the premises, the patent for which was granted to Mrs. Hymel in 1796, had been surveyed for her in consequence of the permission of the commandant of Natchitoches, and the subsequent order of the governor general, as early as 1792, in the lifetime of her husband, and during their marriage; that she inventoried them after his death, as common property, in 1792, and that consequently A. Hymel, her son, from whom the defendants purchased, bought from his mother, in bad faith; because it is alleged, he knew the premises being common, one half of them belonged to his father’s estate, and had desce *438 nded to himself, and his two sisters, one of whom was Mrs. Fort's mother; and consequently he knew trial his mother sold what she had no right to, when she disposed of the sixth part of the premises, which belonged to her daughter, the vendor’s sister, the mother of Mrs. Fort. It is admitted the site had acquired the right of the other daughter to the estate.
The presumption is, that A. Hymel, who was 14 years of age at the death of his father, 16 when his mother obtained a patent for the premises in her own name, and 24 when he purchased them from her, must have known that they constituted part of his father’s estate, since they are the whole real property which appears in the inventory.
But the presumption is nearly as strong, that his sister, the plaintiff’s mother, who is only two years younger than him, and who consequently was of age when he acquired, and must have been acquainted with the sale, which is authentic, must have known whether her property was alienated or not.
If we add to this, that one of the defendants acquired this part of the land eight years after the sale to her brother; that she was then 29 *439 years of age, and that she live more than ten years after, and died without making any claim, it will appear equally improbable that the violation of her rights was unknown to her, as that it was otherwise to her brother.
The precise time of her death does not appear on the record, but her name does in the marriage contract of Mr. Fort, which bears date of May 12th, 1820, upwards of ten years after the sale, to one of the defendants, and of eighteen years after that to her brother.
Every party is bound to prove his allegation, that is to say, to bring the weight of evidence on his side; it does not suffice that he render his allegation probable ; and he who alleges ill faith, is bound to the strictest proof, for the presumption is against him.
In the present case, A. Hymel seeing a complete patent in his mother’s hand, notwithstanding the formalities which preceded the grant, shewed that the law had been applied to during the marriage, might well have believed that her title was complete. He knew she had settled with one of his sisters for her share, and might believe that she had done so with the other, whose silence for 18 years, during the whole of her life, renders this more than probable.
Rost for the plaintiffs, Bullard for the defendants.
As to Metayer, the case stands on the safest ground; he possessed ten years, with a title. His good faith is impeached, on the only ground that he knew the widow was in possession of her husband’s estate, and that he was a creditor of it.
The silence of Mrs. Fort’s mother as to him, must, in my opinion, help the other defendant, whose deed from A. Hymel, is of the year 1818. For this silence continued after Hymel exercised an act of ownership, which could not be mistaken, viz. his sale of part, of the land acquired from his mother, is evidence that his sister considered him as a fair purchaser.
I think we ought to affirm the decree of the district court, questioning the defendants on their titles, with costs in both courts.